UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAZARUS McKINNES, JR.,
    Plaintiff,

vs.

TYLER PETTIGREW,
    Defendants.

Case No. 1:13-cv-473

Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Lazarus McKinnes, proceeding pro se, brings this action claiming that his civil right were violated when defendant, Tyler Pettigrew, terminated his employment based on plaintiff's race. This matter is before the Court on defendant's motion to dismiss the complaint (Doc. 11), plaintiff's response in opposition to the motion (Doc. 13), and defendant's reply in support of his motion to dismiss the complaint (Doc. 14). For the reasons that follow, the undersigned recommends that defendant's motion to dismiss be granted.

**I. Background**

Plaintiff filed his complaint on July 12, 2013. (Doc. 3). The complaint names as the sole defendant Tyler Pettigrew, the Executive Director of Our Daily Bread. Plaintiff alleges that defendant, acting "under color of state law," deprived him of a federal or constitutional right. (Doc. 3 at 2). Under the statement of claim, plaintiff alleges that defendant "fir[ed] me for the wrong thing" and that defendant "should have the reason on paper work." (Doc. 3 at 3). Plaintiff included three attachments to his complaint: (1) plaintiff's Charge of Discrimination under Title VII against Our Daily Bread and Tyler Pettigrew, which he filed with the Equal Employment Opportunity Commission (EEOC) (Doc. 3-1 at 1); (2) the EEOC's Dismissal and Notice of Rights addressed to plaintiff (*Id.* at 2); and (3) a letter from an attorney to plaintiff

concerning his claim (*Id.* at 3).[1] The Dismissal and Notice of Rights explicitly informed plaintiff that he may file a lawsuit against the defendant under federal law based on the alleged charge, but that such a lawsuit must be filed "**WITHIN 90 DAYS** of your receipt of this notice." (*Id.* at 2). The letter from the attorney also advised plaintiff that he had 90 days to file suit in federal court. (*Id.* at 3).

Defendant moves to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground plaintiff fails to state a claim for relief under 42 U.S.C. § 1983 because he does not state any facts showing that defendant Pettigrew, an individual employee acting on behalf of a non-profit organization, acted "under color of state law." (Doc. 11 at 4-5). Defendant further argues that even if the Court liberally construed the complaint as being brought under Title VII, the complaint would still fail to state a claim for relief because an individual cannot be held liable under Title VII, and plaintiff did not file the complaint in a timely manner. (*Id.* at 5-7).

Plaintiff's response to defendant's motion to dismiss expands on the details of his claim. Plaintiff states that his employment with Our Daily Bread was terminated by defendant after an event involving a new chef. (Doc. 13). Plaintiff alleges that while busing tables on June 11, 2012, the new chef knocked on the window and told him to hurry up and do what he, the chef, told him to do. (*Id.*). Plaintiff responded to the new chef by saying, "I'm not superman." (*Id.*). Plaintiff was then sent home by the chef and when he returned to work the following Monday, he was called into a meeting with defendant Pettigrew, the Executive Director of Our Daily Bread, who terminated his employment and did not give him a written explanation for the termination. (*Id.*).

---

[1] In resolving a motion to dismiss, the court may consider exhibits attached to the complaint, as these form part of the complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 296-97 (6th Cir. 2008).

In reply, defendant restates his previous reasons for why the complaint must be dismissed. Defendant further contends that the additional facts put forward in plaintiff's response should not be considered by the Court in resolving the motion to dismiss because they were not alleged in the original complaint. (Doc. 14).

**II. Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, plaintiff's complaint must allege facts, which if accepted as true, are sufficient to both "raise a right to relief above a speculative level" and "state a claim to relief that is plausible on its face." *Hensley Mfg., Inc. v. Propride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 50 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable interference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, while the standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 713 (6th Cir. 2013) (quoting *Twombly*, 550 U.S. at 555). The complaint must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

It is well-settled that a document filed pro se is "to be liberally construed," and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). While the Sixth Circuit has recognized the Supreme Court's "liberal construction" rule, it has specified that this case law has not had the effect of "abrogate[ing] basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also*, *Moore v. City of Harriman*, 272 F.3d 769, 777 (6th Cir. 2001). Courts are

not required to devote time and resources to a case when the nature of a pro se plaintiff's claim "defies comprehension." *Roper v. Ford Motor Co.*, No. 1:09cv427, 2010 WL 2670827, at *3 (S.D. Ohio April 6, 2010) (citing *Jones v. Ravits*, No. 07-10128, 2007 U.S. Dist. LEXIS 19206, at *2 (E.D. Mich. Feb. 22, 2007)). Nor are courts compelled "to conjure up unpleaded facts to support conclusory allegations" made in a pro se plaintiff's complaint. *Perry v. United Parcel Serv.*, 90 F. App'x 860, 861 (6th Cir. 2004).

### III. The motion to dismiss the complaint should be granted.

Plaintiff's complaint should be dismissed under Rule 12(b)(6) because the facts alleged do not state a claim for relief under either 42 U.S.C. § 1983 or Title VII.

### A. The complaint does not state a claim for relief under § 1983.

Plaintiff brings a claim of discrimination under 28 U.S.C. § 1343(3), alleging that defendant deprived him of a federally or constitutionally guaranteed right while acting "under color of state law." (Doc. 3 at 2). To establish his claim under 42 U.S.C. § 1983, plaintiff must prove that "(1) a person [defendant], (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *See Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001). An individual's actions were performed under color of state law for purposes of § 1983 where those actions "may be 'fairly attributable to the state.'" *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 947 (1982)). "Section 1983 does not, as a general rule, prohibit the conduct of private parties acting in their individual capacities." *Lindsey v. Detroit Entm't, LLC*, 484 F.3d 824, 827 (6th Cir. 2007).

According to the complaint, plaintiff's supervisor at Our Daily Bread terminated plaintiff's employment "for the wrong thing and they should have the reason on paper work." (Doc. 3 at 1-3). Plaintiff's EEOC discrimination charge attached to the complaint states that

defendant, as the executive director of Our Daily Bread, terminated plaintiff's employment because of his race. (Doc. 3-1 at 1). The very limited facts alleged in the complaint and the attachments provide no factual support for a finding that defendant terminated plaintiff from his employment based on his race or otherwise deprived plaintiff of a federal right. Moreover, there is no indication in the complaint that the actions of defendant Pettigrew, the executive director of a non-profit organization, were "fairly attributable to the state." *See Chapman*, 319 F.3d at 833. Accordingly, plaintiff's complaint should be dismissed insofar as plaintiff brings a claim against Pettigrew under § 1983.

### B. The complaint does not state a claim under Title VII.

Liberally construed, plaintiff's complaint alleges that defendant violated Title VII by terminating his employment at Our Daily Bread. (Doc. 3 at 2). Defendant argues that any Title VII claim brought against him must be dismissed because (1) according to well-established Sixth Circuit precedent, there is no individual liability under Title VII, and (2) plaintiff did not file his claim in a timely manner. (Doc. 11 at 5-7).

#### 1. Defendant cannot be held individually liable under Title VII.

The only named defendant in this lawsuit is Tyler Pettigrew. (*Id.* at 1). Mr. Pettigrew is the executive director of Our Daily Bread, the non-profit organization that employed plaintiff. (Doc. 11 at 1). "An individual employee/supervisor, who does not otherwise qualify as an 'employer' may not be held personally liable under Title VII." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). *See also Akers v. Alvey*, 338 F.3d 491, 500 (6th Cir. 2003); *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999). Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C.A. § 2000e(b). Mr. Pettigrew, an individual employee/supervisor, does not

5

satisfy this definition of "employer." Therefore, he cannot be held individually liable on plaintiff's claim under Title VII.

### 2. Plaintiff failed to file his Title VII complaint in a timely manner.

A plaintiff must file his Title VII claim within 90 days of receiving the EEOC's right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). *See also Tate v. United Servs. Associates, Inc.*, 75 F. App'x 470, 471 (6th Cir. 2003)). A complaint that is not timely filed within the 90-day period is time-barred and must be dismissed. *Tate v. United Servs. Associates, Inc.*, 75 F. App'x at 471.

Plaintiff filed a charge of discrimination with the EEOC on March 26, 2013. (Doc. 3-1 at 1). The EEOC dismissed the claim and issued a Notice of Right to sue on March 28, 2013. (*Id.* at 2). The Notice of Right to Sue explicitly stated that if plaintiff chose to pursue a federal suit, it "must be filed WITHIN 90 DAYS of your receipt of this notice; or the right to sue based on this charge will be lost." (*Id.*).[2] Plaintiff did not file his complaint with this Court until July 9, 2013, which was 13 days after the filing deadline. Plaintiff's Title VII claim is thus time-barred and must be dismissed on this ground.

### IV. Conclusion

Plaintiff's complaint should be dismissed under Rule 12(b)(6). Plaintiff has not alleged facts to show that defendant acted "under color of state law" or violated plaintiff's federal or constitutional rights so as to state a claim for relief under 42 U.S.C. § 1983. In addition, plaintiff cannot bring a Title VII claim against Pettigrew because he is an individual employee/supervisor who does not qualify as an "employer" under Title VII, and plaintiff failed to file his Title VII complaint in a timely manner.

**IT IS THEREFORE RECOMMENDED THAT:**

---

[2] Plaintiff has attached a letter to the complaint showing that the 90-day deadline to file suit in federal court was reiterated to him in writing by an attorney during the course of the 90-day filing period. (Doc. 3-1 at 3).

6

1. Defendant Tyler Pettigrew's motion to dismiss (Doc. 11) be **GRANTED** and this case be **DISMISSED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* to the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 4/7/14

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAZARUS McKINNES, JR.,
    Plaintiff,

vs.

TYLER PETTIGREW,
    Defendants.

Case No. 1:13-cv-473

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☑ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Lazarus McKinnes, Jr.<br>730 Clark Street<br>Cinti, OH 45203 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 9982 | |

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540